ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL CARGILL, | ) | |
| | ) | CASE NO. 5:20CR408 |
| Petitioner, | ) | 5:22CV1572 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Nathaniel Cargill's Motion and to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.   Doc. 64. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Cargill's contention appears to be that his trial and appellate counsel were ineffective in multiple ways.   Cargill's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Cargill must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred

so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Cargill must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Cargill first contends that his trial counsel[1] was ineffective for failing to file pretrial motions. Specifically, Cargill appears to argue that his counsel should have challenged the sufficiency of his indictment. Cargill does not proffer any argument that would suggest in what manner he believes his indictment was deficient. This Court has independently reviewed all seven counts in Cargill's indictment and finds no deficiency. Accordingly, counsel cannot be

---

[1] Cargill repeatedly names his appellate counsel in these arguments even though they are focused on the actions of his trial counsel. The Court reviews the substance of the arguments while ignoring any error in identifying the counsel at issue.

found to be deficient for failing to challenge the indictment.[2]

Cargill next claims that his appellate counsel "coerced" him into waiving his direct appeal. Cargill does not assert what arguments he wished to make on appeal or explain how they would have been successful.   Cargill also fails to note that his plea agreement contained a waiver of appeal rights.   The Court reviewed that provision with Cargill during his change of plea hearing to ensure that he understood its import.   As such, any claim that Cargill was unaware of the impact of this provision is not supported by the record.   As Cargill has wholly failed to identify even a plausible argument that he could have raised on appeal, this argument also lacks merit.

Cargill next claims that trial counsel failed to challenge points that were added to his criminal history score from a conviction for driving under suspension.   Cargill's claim fails for multiple reasons.   First, as Cargill was sentenced to 45 days incarceration for the conviction, one point was properly added to his score.   U.S.S.G. 4A1.1(c).   Second, as Cargill's total criminal history points totaled 12, even if a point was deducted, he would remain a Category V.   As such, he has failed to demonstrate both deficient performance and prejudice with respect to this claim.

In his final argument, Cargill claims that counsel was deficient in failing to assert his speedy trial rights.   However, Cargill was indicted on August 13, 2020, and pled guilty on October 5, 2020.   "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."   18 U.S.C.A. § 3161(c)(1).   As Cargill pled guilty well

---

2  The Court notes that counsel did seek to dismiss the complaint based upon the delay in obtaining an indictment.   As that motion was properly denied, it also cannot serve as a basis to claim deficient counsel.

before his 70-day deadline, counsel was not deficient for failing to assert speedy trial rights.

In summary, Cargill has failed to identify any deficient performance by counsel at any stage of his proceedings and his motion to vacate is DENIED.   Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

December 2, 2022                   /s/John R. Adams
Date                                          John R. Adams
                                                  U.S. District Judge